UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:24-CV-21052-DPG

WATTUM MANAGEMENT, INC.,

    Plaintiff,

v.

CHENGDU CHENXIYU TECHNOLOGY
CO., LTD. a/k/a CHENGDUCHENXIYU
TECHNOLOGY CO., LTD., DENG JIE,
BAO CARL SHICUN and John Does 1-10

    Defendants.

and

OKX a/k/a OKEx; and
Binance Holdings Ltd. a/k/a Binance

    Nominal Defendants.

## STIPULATION REGARDING OKX'S NOMINAL PARTY STATUS

**I.   PREAMBLE**

Subject to Court approval, Plaintiff Wattum Management, Inc. ("Plaintiff") and Nominal Defendant "OKX a/k/a OKEx" ("OKX," and with Plaintiff, "the Parties") hereby stipulate and agree as follows with respect to OKX's status and corresponding obligations in this matter.

**II.   PREMISES**

WHEREAS, Plaintiff filed its Verified Complaint on March 18, 2024 (EFC No. 1) against Chengdu Chenxiyu Technology Co., Ltd. a/k/a Chengduchenxiyu Technology Co., Ltd. ("Chengdu"), Deng Jie ("Jay"), and Bao Carl Shicun ("Carl") (Chengdu, Jay and Carl collectively referred to as "Primary Defendants") asserting claims for Breach of Contract (Count I), Unjust Enrichment (Count II), Fraud (Count III), Conversion (Count IV), Civil Theft (Count V); Tortious Interference with Existing Contracts (Count VI), Tortious Interference with Advantageous Business Relationships (Count VII);

WHEREAS, in the Verified Complaint, Plaintiff alleges, *inter alia*, that the Primary Defendants—but not Nominal Defendant OKX—engaged in a fraudulent scheme to sell cryptocurrency mining equipment to Plaintiff but never delivered the equipment after receiving payment from Plaintiff, and that the Primary Defendants transferred funds and/or cryptocurrency assets in which Plaintiff has a right, title and interest into or through one or more cryptocurrency wallets hosted by OKX;

WHEREAS, Plaintiff does not assert any claims or allegations of wrongdoing against Nominal Defendant OKX, but instead alleges only that OKX is nominally named in the Complaint because OKX (1) took action to freeze one or more virtual wallets utilized by the Primary Defendants (ECF No. 1 at ¶¶58-59); (2) presently maintains "possession, custody and control over the virtual wallets in which the funds that [Primary] Defendants converted are located" (ECF No. 1 at ¶7); and (3) "requires a valid order of court" to release those funds to Plaintiff (ECF No. 1 at ¶62);

WHEREAS, Nominal Defendant OKX waived service on May 14, 2024, but did not waive any defenses including as to the Court's jurisdiction over OKX (EFC Nos. 5 and 6);

WHEREAS, the deadline for Nominal Defendant OKX to file a responsive pleading to Plaintiff's Complaint has been extended to September 12, 2024 (ECF No. 6);

WHEREAS, counsel for Nominal Defendant OKX and counsel for Plaintiff have had several telephone calls, including on May 14, 2024, June 7, 2024 and August 8, 2024, to discuss a stipulation as to OKX's nominal party designation and corresponding obligations;

WHEREAS, Plaintiff expressed no objection to the Court formally designating Nominal Defendant OKX as a nominal party, consistent with OKX's designation as such in Plaintiff's Complaint;

WHEREAS, while acknowledging OKX's limited relevance to this Action, Plaintiff has expressed a desire and/or intent to seek certain remedies against the Primary Defendants and seeks reasonable assurances that assets related to the alleged fraudulent Sale are not released by

OKX without reasonable notice such that Plaintiff has sufficient time to seek relief, if any, from the Court;

WHEREAS, while pursuing its rights and remedies against the Primary Defendants, Plaintiff wishes to reasonably minimize any burden and inconvenience to OKX arising from this Action;

### III.   STIPULATION

NOW, THEREFORE, THE PARTIES HEREBY STIPULATE AND REQUEST THE COURT ORDER AS FOLLOWS:

1. OKX is designated a nominal party;

2. As a nominal party, OKX will take no position on the merits of Plaintiff's claims against the Primary Defendants.  Nominal Defendant OKX does not intend to oppose any motion by Plaintiff seeking relief against the Primary Defendants;

3. OKX will provide, where practicable, reasonable notice of not less than seven (7) days (the "Notice Period") before releasing or transferring any funds that may be related to the alleged fraudulent activity described in the Complaint;

4. Nominal Defendant OKX is excused from appearance at future court hearings unless otherwise ordered by the Court;

5. Nominal Defendant OKX's Answer to Plaintiff's Complaint is waived without penalty or prejudice;

6. Nominal Defendant OKX reserves the right to object or otherwise seek relief from the Court on discovery matters directed to OKX under the Federal Rules of Civil Procedure and this Court's Local Rules;

7. Nothing in this Stipulation shall constitute or be construed to constitute a waiver by Nominal Defendant OKX of its right to oppose a request by any party to this action to seek relief of any kind from, or to obtain an order against, OKX;

8. Nothing in this Stipulation shall constitute or be construed to constitute an admission of any wrongdoing or liability by Nominal Defendant OKX or an admission of the truth of any allegations or the validity of any claim asserted in this case; and,

9. Nothing in this Stipulation shall constitute or be construed to constitute a concession, prohibition, or limitation on Plaintiff's claims or assertions against the Primary Defendants in this case.

Dated: September 9, 2024                RESPECTFULLY SUBMITTED

By:    *s/Richard J. Sarafan*
      Richard J. Sarafan
      Florida Bar No. 296805
      VENABLE LLP
      100 SE 2nd St. Suite 4400
      Miami, FL 33131
      rsarafan@venable.com
      Attorney for Aux Cayes FinTech Co. Ltd.
      (named as Nominal Defendant OKX*)*

Dated: September 9, 2024                RESPECTFULLY SUBMITTED

By:    *s/Alex L. Braunstein*
      Alex L. Braunstein
      Florida Bar No. 098289
      FOX ROTHSCHILD LLP
      777 S. Flager Dr., Suite 1700
      West Palm Beach, Florida 33401
      abraunstein@foxrothschild.com
      *Attorney for Plaintiffs*