# Exhibit B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:24-cv-21052**

WATTUM MANAGEMENT, INC.,

Plaintiff,

v.,

CHENGDU CHENXIYU TECHNOLOGY CO. LTD. *et al*.,

Defendants,
_____________________________________/

**DECLARATION OF ELY GOLDIN**

I, Ely Goldin, hereby declare as follows:

1. I am counsel in the above-styled action, representing Plaintiff Wattum Management, Inc. ("Wattum"). I was admitted *Pro Hac Vice* to serve in this capacity by Court Order dated June 3, 2024. D.E. 10. I submit this declaration in support of Wattum's Motion for Final Default Judgment.

2. I am over 18 years of age and I have personal knowledge of all facts and circumstances set forth herein as an attorney of record for Fox Rothschild LLP ("Fox Rothschild").

3. I am personally familiar with, and had a direct participatory role in, the work that Fox Rothschild has performed on behalf of Wattum with respect to this lawsuit.

4. Fox Rothschild serves as counsel for Wattum and represents it in matters in various jurisdictions. In this action, Fox Rothschild was retained to prosecute Wattum's claims against Primary Defendants Chengdu Chenxiyu Technology Co., Ltd. a/k/a Chengduchenxiyu Technology Co., Ltd. ("Chengdu"), Bao Carl Shicun ("Carl") and Deng Jie ("Jay") (Chengdu, Carl and Jay

referred to as "Primary Defendants") to recover $904,800.00 in cryptocurrency assets ("Crypto Assets") transferred by Wattum to the Primary Defendants in exchange for cryptocurrency mining equipment that Primary Defendants never delivered or made available ("Chengdu Matter").

5. Since the inception of this representation, valuable legal services were performed on behalf of Wattum, including, but not limited to, (i) investigating Primary Defendants' theft, reviewing and analyzing pertinent documents; (ii) researching potential causes of action (including the ability to name nominal defendants) and drafting the Complaint; (iii) filing the attempting to effectuate service on Primary Defendants and the Nominal Defendants; (iv) addressing legal issues raised by the Court related to service, including responding to an Order to Show Cause; (v) preparing and filing two Motions for Alternative Service (one after engaging experts); (vi) working closely with cross-border experts on Hague Convention matters and an investigation in China; and (vii) moving for Default Judgment, corresponding with Wattum regarding all of the above-referenced tasks and other related issues, and engaging in comprehensive litigation strategy.

6. Additionally, I and other team members at Fox Rothschild (i) worked with Wattum's forensic cryptocurrency experts on tracing matters; (ii) expended time and effort on tracking down and serving the Nominal Defendants, cryptocurrency exchanges based primarily outside the United States; and (iii) worked with counsel for each of the Nominal Defendants to secure stipulations, agreements, understandings and discovery.

7. In total, Fox Rothschild expended 143.8 hours on the above-referenced tasks which I respectfully submit, is reasonable, appropriate and efficient.

8. Fox Rothschild was also retained to defendant Wattum in the matter styled *First Argentine Mining Co. v. Wattum Management, Inc., et al.*, Case No. 1:24-cv-21044-DPG, Southern District of Florida (the "FAMCO Matter").

9. In connection with the FAMCO Matter, I and other team members at Fox Rothschild (i) defended Wattum against the lawsuit filed in the FAMCO matter; (ii) successfully opposed and vacated an improvident attempt by FAMCO to snatch up a default judgment; (iii) filed a motion to dismiss claims against Wattum and other parties asserted by FAMCO; (iv) engaged in scheduling other matters related to obligations under Rule 16 and the Court's standing orders; (v) attended to issues related to electronically stored information (ESI); and (vi) negotiated a settlement agreement leading to the dismissal of the FAMCO action in part, with prejudice and in part, without prejudice.

10. In total, Fox Rothschild expended 78.5 hours on the above-referenced tasks which I respectfully submit, is reasonable, appropriate and efficient.

11. In summary, the following Fox Rothschild attorneys provided services to Wattum in connection with this matter:

a. Ely Goldin – Mr. Goldin is a partner at Fox Rothschild primarily resident in the firm's Blue Bell, Pennsylvania office. He has been engaged in the practice of law since 1995. He is admitted to the Pennsylvania and New Jersey state bars and a number of federal courts. Mr. Goldin has extensive experience in complex commercial litigation with a particular emphasis on prosecuting and defending cross-border commercial fraud claims.

b. Alex Braunstein – Mr. Braunstein is a partner at Fox Rothschild primarily resident in the firm's West Palm Beach Florida, office. He has been practicing law since 2012. He is admitted to the Florida state bar and the United States District Courts for the Southern and Middle Districts of Florida, and the United States Court of

Appeals for the Eleventh Circuit. Mr. Braunstein has extensive experience in complex litigation, including breach of contract and fraud claims.

c. D. Wesley Meehan – Mr. Meehan has been practicing law since 2019 primarily resident in the Blue Bell, Pennsylvania office. He is admitted to the Pennsylvania and New Jersey state bars as well as the United States Direct Courts for the Eastern District of Pennsylvania and District of New Jersey. Mr. Meehan's practice focuses on complex commercial litigation.

12. Mr. Goldin and Mr. Meehan also provided services in connection with the FAMCO Matter along with Adam Lamb. Mr. Lamb is a partner at Fox Rothschild primarily resident in the firm's Miami, Florida office. He has been practicing law since 1991. He is admitted to the Florida state bar as well as the United States District Courts for the Southern, Middle, and Western Districts of Florida. Mr. Lamb has extensive experience in complex commercial and corporate litigation.

13. The following reflects hours expended by Fox Rothschild's professionals in connection with Fox Rothschild's representation of Wattum in the Chengdu matter prior to drafting the Motion for Final Default Judgment:

| **Name** | **Hours** | **Hourly Rate** | **Total** |
|---|---|---|---|
| Ely Goldin (Fox Partner) | 35.2 | $769.25[1] | $ 27,077.53 |
| Alex Braunstein (Fox Partner) | 12.9 | $606.44[2] | $ 7,823.08 |
| D. Wesley Meehan (Fox Associate) | 95.7 | $457.36[3] | $ 43,769.44 |
| **TOTAL** | **143.8** | | **$78,670.05** |

14. Additionally, Wattum has incurred approximately $13,870.47 in costs to date in this matter including retaining the expert referenced in Paragraph 26.

15. Additionally, from time records currently pending, Fox Rotschild expended $18,000 in connection with the preparation of this Motion for Final Default Judgment.

16. The following reflects hours expended by Fox Rothschild's professionals in connection with Fox Rothschild's representation of Wattum in the FAMCO Matter:

[1] Wattum was generally charged a rate of $845/hr for Mr. Goldin's services. However, the amount actually billed to Wattum varied depending upon discounts given by Fox Rothschild. The $769.25/hr rate is a blended rate of the rates charged for Mr. Goldin's services calculated by dividing the total amount billed by the hours billed.

[2] Wattum was generally charged a rate of $675/hr for Mr. Braunstein's services. However, the amount actually billed to Wattum varied depending upon discounts given by Fox Rothschild. The $606.44/hr rate is a blended rate of the rates charged for Mr. Braunstein's services calculated by dividing the total amount billed by the hours billed.

[3] Wattum was generally charged a rate of $525/hr for Mr. Meehan's services. However, the amount actually billed to Wattum varied depending upon discounts given by Fox Rothschild. The $457.36/hr rate is a blended rate of the rates charged for Meehan's services calculated by dividing the total amount billed by the hours billed.

| **Name** | **Hours** | **Hourly Rate** | **Total** |
|---|---|---|---|
| Ely Goldin (Fox Partner) | 21.3 | $749.40[4] | $15,961.23 |
| Adam Lamb (Fox Partner | 4.2 | $740.00 | $3,108.00 |
| D. Wesley Meehan (Fox Associate) | 53 | $466.70[5] | $24,736.77 |
| **TOTAL** | **78.5** | | **$43,806.00** |

17. Additionally, Wattum incurred approximately $400.00 in costs in the FAMCO matter.

18. Wattum has incurred a total of $140,476.05 in reasonable attorneys' fees and $14,270.47 in costs for a total of $154,746.42 in this matter and the FAMCO matter combined.

19. I respectfully submit that Wattum is entitled to its attorneys' fees pursuant to Fla. Stat. § 772.11 as detailed in Wattum's Memorandum of Law in Support of its Motion for Default Judgment. Furthermore, Wattum is entitled to its attorneys' fees and costs expended in the FAMCO matter under the wrongful act doctrine.

20. As Wattum's attorney, I am of the opinion that the fees and costs charged by Fox Rothschild are reasonable and necessary to, amount other things, investigate Wattum's claims, draft the Complaint, conduct research relating to Primary Defendants, seek alternative methods of service on Primary Defendants, and obtain a judgment against Primary Defendants.

[4] Wattum was generally charged a rate of $845/hr for Mr. Goldin's services. However, the amount actually billed to Wattum varied depending upon discounts given by Fox Rothschild. The $749.40/hr rate is a blended rate of the rates charged for Mr. Goldin's services calculated by dividing the total amount billed by the hours billed.

[5] Wattum was generally charged a rate of $470/hr for Mr. Meehan's services. However, the amount actually billed to Wattum varied depending upon discounts given by Fox Rothschild. The $466.70/hr rate is a blended rate of the rates charged for Meehan's services calculated by dividing the total amount billed by the hours billed.

21. I am also familiar with attorney's fees normally charged by attorneys for handling matters similar to this action; and I am familiar with the factors to be considered in determining the reasonableness of a fee as outlined in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974). I have also carefully reviewed the report and recommendations of the Hon. Edwin G. Torres in *Social Life Network, Inc. v. Peak One Opportunity Fund, LP, et al.* No. 1:21-CV-21373 (July 20, 2023) (adopting hourly rate of $700 for partners, $500 for senior and mid-level associates and $300 for junior associates at large law firms), which was adopted by Order dated August 8, 2023 issued by the Hon. Darrin P. Gayles.

22. I respectfully submit that the hourly rates charged by Fox Rothschild in this matter are consistent with prevailing rates charged by counsel at large law firms for similar matters in the South Florida legal marketplace.

23. Fox Rothschild is an AMLAW 1000 full-service law firm with over 1,000 attorneys in 29 offices. In Florida, Fox Rothschild maintains offices in Miami, West Palm Beach and Sarasota. The partners that performed services in this matter have extensive experience in complex commercial litigation, including cross-border commercial fraud claims. Furthermore, this matter required familiarity and experience specific to the cryptocurrency mining industry, an area in which the Fox team members had prior experience.

24. The effective rates charged by Fox Rothschild attorneys (approximately $740 for partners and $466 for a sixth-year associate) are reasonable, appropriate and market.

25. Furthermore, Fox Rothschild's staffing of this matter was reasonable and appropriate in that it involved one partner, one associate and one member from Fox Rothschild's Florida offices (Mr. Braunstein in the Chengdu matter and Mr. Lamb in the FAMCO matter).

Whenever possible and prudent, substantive work was delegated to the timekeeper with the lowest rate or to non-billable personnel.

26. Wattum incurred $10,000 on a cryptocurrency forensic expert. In my opinion, the amounts charged for such services are customary, appropriate and reasonable for a matter such as this.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 29, 2025

s/ *Ely Goldin*
Ely Goldin, Esq.