**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:24-CV-21052-DPG**

**WATTUM MANAGEMENT, INC.,**

Plaintiff,

v.

**CHENGDU CHENXIYU TECHNOLOGY CO., LTD. a/k/a CHENGDUCHENXIYU TECHNOLOGY CO., LTD., DENG JIE, BAO CARL SHICUN and John Does 1-10**

Defendants,

and

**OKX a/k/a OKEx; and**
**Binance Holdings Ltd. a/k/a Binance**

Nominal Defendants.
________________________________________/

**ANSWER BY AUX CAYES FINTECH CO. LTD. TO WRIT OF GARNISHMENT**

Garnishee, Aux Cayes Fintech Co. Ltd. ("Garnishee"), submits this answer to the Writ of Garnishment ("Writ") entered in the above-captioned action on September 10, 2025. ECF No. 48. Garnishee was not served the Writ as a garnishee but nonetheless hereby files this answer subject to the following objections.

Garnishee objects to personal jurisdiction. Garnishee is not incorporated or headquartered in Florida, and the accounts purportedly at issue (as reflected below) were created by individuals residing outside of the United States with no known connection to the United States, let alone to Florida. The Court therefore lacks personal jurisdiction over Garnishee.

Garnishee further objects to the Writ to the extent that it does not comply with Florida law. In accordance with Chapter 77, Florida Statutes, Garnishee shall answer whether it "was indebted

at the time of service of the writ, plus up to 1 business day for the garnishee to act expeditiously on the writ, or at any time between such times; in what sum and what tangible or intangible personal property of defendant the garnishee has in his or her possession or control at the time of his or her answer, or had at the time of the service of the writ, or at any time between such times; and whether the garnishee knows of any other person indebted to defendant, or who may have any of the property of defendant in his or her possession or control." Fla. Stat. § 77.04.

Notwithstanding the foregoing objections, as a service provider for the OKX cryptocurrency exchange platform, Garnishee has identified customer accounts registered to Defendants Deng Jie ("Jie Account") and Bao Shicun ("Shicun Account"), but did not identify any account registered to the other Defendant, Chengdu Chenxiyu Technology Co., Ltd. a/k/a Chengduchenxiyu Technology Co., Ltd.:

- The Jie Account has cryptocurrency assets totaling approximately $180,617 (164,999 USDC; 15,673 USDT). Note that the Jie Account also has trace amounts of other cryptocurrency assets worth nominal value in aggregate.
- The Shicun Account has cryptocurrency assets totaling approximately $929 (0.012349756536 BTC). Note that the Shicun Account also has trace amounts of other cryptocurrency assets worth nominal value in aggregate.

In addition, there is one other customer account ("Non-Defendant Account") that is not registered to any named defendant in this action, but which "may have … property of [Defendant Deng Jie] in [its] possession or control." *See* Fla. Stat. § 77.04. That account has in aggregate approximately $1,594,918 worth of USDC cryptocurrency assets.[1]

[1] The approximate USD equivalent balances in the Jie, and Shicun, and Non-Defendant Accounts (based on the cryptocurrency assets held) are subject to change, including based on (1) normal market fluctuation of the cryptocurrency assets; and (2) open trading positions or product subscriptions that may affect overall cryptocurrency asset balances, unless and until such positions/subscriptions are closed by the accountholder

The 164,999 USDC in the Jie Account and the USDC in the Non-Defendant Account are subject to an injunction order ("Order") issued by a Hong Kong court in *Minting Dome Holding LLC v. Deng Jie, et al*, Case Reference HCA 1202/2023, pending in the High Court of the Hong Kong Special Administrative Region. That Order prohibits Garnishee from disposing of or otherwise transferring the USDC assets held in these accounts until further order by the Hong Kong court. For convenience, original copies of the Order and extension of the Order are attached hereto as **Exhibit A**. The 164,999 USDC in the Jie Account and the USDC in the Non-Defendant Account remain frozen pursuant to the injunction. Garnishee is therefore prohibited from turning over or otherwise disposing of any of these funds during the pendency of that injunction and objects to complying with any garnishment while the Order is in effect.[2] Garnishee requests that this Court provide comity to the foreign Order and not take actions that would require Garnishee to violate the Order.

Garnishee does not know of any other person indebted to the Defendants, or who may have any of the property of the Defendants in his or her possession or control.

Garnishee demands its fees and costs in accordance with Section 77.28, Florida Statutes.

/s/ Christopher N. Johnson
GRAYROBINSON, P.A.
Christopher N. Johnson, Esq., (FBN 69329)
333 S.E. 2nd Avenue, Suite 3200
Miami, Florida 33131
Tel: 305-416-6880, Fax: (305) 416-6887
Email: christopher.johnson@gray-robinson.com
Secondary e-mail: angela.reisino@gray-robinson.com

Counsel for *Aux Cayes Fintech Co. Ltd.*

---

or otherwise. The Jie Account, Shicun Account, and Non-Defendant Account are frozen, preventing the accountholders from withdrawing the assets or opening any new trading positions or product subscriptions.

[2] The plaintiff in the Hong Kong action, Minting Dome Holding LLC, that obtained the injunction has a prior claim to the assets held in the accounts identified above and would have to be a party to this action to adjudicate claims to those assets. Alternatively, Plaintiff here may intervene in the first-filed Hong Kong action.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 3, 2026, I electronically filed the foregoing with the Florida Court E-Filing Portal, which will serve a copy via electronic mail to all counsel of record.

/s/ Christopher N. Johnson
Christopher N. Johnson