Exhibit "A"

HCA 1202 / 2023

**IN THE HIGH COURT OF THE**
**HONG KONG SPECIAL ADMINISTRATIVE REGION**
**COURT OF FIRST INSTANCE**
**ACTION NO. 1202 OF 2023**

**********

印副本 SEALED COPY 高等法院印鑑 THE SEAL OF THE HIGH COURT HONG KONG
1 AUG 2023

BETWEEN

MINTING DOME HOLDING LLC — Plaintiff

and

DENG JIE (邓杰) — 1st Defendant
AUX CAYES FINTECH CO. LTD — 2nd Defendant

**********

**<u>EX PARTE PROPRIETARY INJUNCTION ORDER PROHIBITING DISPOSAL OF ASSETS</u>**

**<u>PENAL NOTICE</u>**

**If you, AUX CAYES FINTECH CO. LTD, THE NAMED 2ND DEFENDANT (and/or its director(s)), neglect to obey this Order or disobey this Order, you (and/or your director(s), if applicable) may be held to be in contempt of court and liable to a process of execution to compel you to obey the same, and may be imprisoned, fined or have your assets seized.**

**Any other person who knows of this Order and does anything which helps or permits the said 2nd Defendant (and/or its director(s), if applicable) to breach the terms of this Order may also be held in contempt of court and may be imprisoned, fined or have his/her assets seized.**

**IMPORTANT NOTICE TO THE 2ND DEFENDANT**

1. This Order prohibits you from doing the acts set out in the Order. You should read the whole of this document carefully. You are advised to consult a solicitor as soon as possible. You have the right to ask the court to vary or discharge this Order.

2. If you disobey this Order you may be found guilty of contempt of court and you or any of your directors may be fined or your assets may be seized.

**BEFORE DEPUTY HIGH COURT JUDGE JASON POW SC**
**IN CHAMBERS (OPEN TO PUBLIC)**

**ORDER**

UPON the application of the Plaintiff by *ex parte* (on notice) summons filed herein on 28 July 2023 (the "**Ex Parte Summons**")

UPON reading the affirmations in Schedule 1;

UPON the Plaintiff providing the undertakings in Schedule 2;

AND UPON hearing Counsel for the Plaintiff;

IT IS ORDERED that:

**PROPRIETARY INJUNCTION**

1. Pending trial or further order of the Court, the 2nd Defendant must not (either by themselves, their directors, officers, employees, servants or agents or any of them or otherwise howsoever), in any way dispose of or deal with or

diminish the USD Coin at the total amount of US$2,310,750 (or any part thereof) **("P's USDC")** transferred by the Plaintiff to the cryptocurrency wallet held by and/or operated the 2nd Defendant with the cryptocurrency wallet address at [redacted] ("the **OKX Exchange Wallet**"), or the traceable property or proceeds of P's USDC (including any interest earned or other income received or derived therefrom and any remaining USD Coin or property controlled by the 2nd Defendant representing P's USDC ) wherever they may be held, in respect of which the Plaintiff claims a proprietary interest.

2. The 2nd Defendant must earmark the amount of USDC comprising or equivalent to the P's USDC or alternatively, the traceable property or proceeds of P's USDC (including any interest earned or other income received or derived therefrom and any remaining USD Coin or property controlled by the 2nd Defendant representing P's USDC ).

**DURATION OF THIS ORDER**

This Order will remain in force up to and including **11 August 2023** ("the **Return Date**"), unless before then it is varied or discharged by a further order of the court. The application in which this Order is made shall come back to the court for further hearing on the return date unless the defendant pays the sum of US$2,310,750 into court makes provision for security in that sum by some other method as provided for hereinabove and serves notice that it does not require the application to come back to court.

**EFFECT OF THIS ORDER**

(1) A defendant who is an individual who is ordered not to do something must not do it himself or in any other way. He must not do it through others acting on his behalf or on his instructions or with his encouragement.

(2) A defendant which is a corporation and which is ordered not to do something must not do it itself or by its directors, officers, employees or agents, or in any other way.

**THIRD PARTIES**

(1) *Effect of this Order.* It is a contempt of court for any person notified of this Order knowingly to assist in or permit a breach of this Order. Any person doing so may be imprisoned, fined, or have his assets seized.

(2) *Effect of this Order outside Hong Kong.* The terms of this Order do not affect or concern anyone outside Hong Kong until it is declared enforceable or is enforced by a court in another jurisdiction and then they are to affect him only to the extent they have been declared enforceable or have been enforced UNLESS such person is:

(a) a person to whom this Order is addressed or an officer or an agent appointed by power of attorney of such a person; or

(b) a person who is subject to the jurisdiction of this court and (i) has been given written notice of this Order at his residence or place of business within the jurisdiction of this court and (ii) is able to prevent acts or omissions outside the jurisdiction of this court which are a breach or assist in a breach of this Order.

**SERVICE OUT OF THE JURISDICTION**

**The 1st Defendant**

(1) The Plaintiff may issue a concurrent writ of summons and serve it on the 1st Defendant at: (a) 中華人民共和國江西省南昌市青雲譜區青雲譜鎮廣州路 525 號 and (b) Dengjiabu, Datang Village, Guilin Office, Ruichang City, Jiangxi Province, People's Republic of China

(2) If the 1st Defendant wishes to defend the action, he must acknowledge service within 14 days of being served with the concurrent writ of summons.

**The 2nd Defendant**

(3) The Plaintiff may issue a concurrent writ of summons, the return date summons with supporting further affirmation, for continuation of the injunction order (and application for ancillary disclosure orders as the case may be), and serve them on the 2nd Defendant at Suite 202, 2nd Floor, Eden Plaza, Eden Island Mahe, Seychelles

(4) If the 2nd Defendant wishes to defend the action, he must acknowledge service within 14 days of being served with the concurrent writ of summons.

**UNDERTAKINGS**

The plaintiff gives to the court the undertakings set out in Schedule 2 to this Order.

**VARIATION OR DISCHARGE OF THIS ORDER**

The 1st and 2nd Defendant (or anyone notified of this Order) may apply to the court at any time to vary or discharge this Order (or so much of it as affects that person,), but anyone wishing to do so should first inform the Plaintiff's solicitors.

**NAME AND ADDRESS OF PLAINTIFF'S SOLICITORS**

The Plaintiff's solicitors are:

Messrs. ONC Lawyers., Solicitors for the Plaintiff, 19/F, Three Exchange Square, 8 Connaught Place, Central

Telephone number: (852) 2810 1212

**INTERPRETATION OF THIS ORDER**

(1) In this Order "he", "him" or "his" include "she", "her", "hers" and "it" or "its".

(2) When there are two or more defendants then (unless otherwise stated):

(a) references to "the defendant" mean both or all of them;

(b) an order requiring "the defendant" to do or not to do anything requires each defendant to do it or not to do it; and

(c) A requirement relating to service of this Order, or of any legal proceedings on "the defendant" means on each of them.

Dated the 1st day of August 2023

Registrar

## SCHEDULE 1

Affidavits

The Judge read the following affidavits before making this Order:

(1) Affirmation of Ho Quen Thai Christopher dated 31 July 2023 together with its exhibits.

## SCHEDULE 2

Undertaking given to the court by the plaintiff

(1) If the court later finds that this Order has caused loss to the 2nd Defendant or any other party and decides that the 2nd Defendant or that other party should be compensated for that loss, the Plaintiff will comply with any order the court may make.

(2) Anyone notified of this Order will be given a copy of it by the Plaintiff's solicitors.

(3) The Plaintiff will pay the reasonable costs of anyone other than the 2nd Defendant which have been incurred as a result of this Order and if the court later finds that this Order has caused such a person loss, and decides that such person should be compensated for that loss, the Plaintiff will comply with any order the court may make.

(4) If for any reason this Order ceases to have effect, the Plaintiff will forthwith take all reasonable steps to inform, in writing, any person or company to whom he has given notice of this Order, or who he has reasonable grounds for supposing may act upon this Order, that it has ceased to have effect.

**HCA 1202 /2023**

**IMPORTANT**

**PENAL NOTICE**

TAKE NOTICE that if you, AUX CAYES FINTECH CO. LTD, THE NAMED 2ND DEFENDANT (and/or its director(s)), neglect to obey this Order or disobey this Order, you (and/or your director(s), if applicable) may be held to be in contempt of court and liable to a process of execution to compel you to obey the same, and may be imprisoned, fined or have your assets seized.

Any other person who knows of this Order and does anything which helps or permits the said 2nd Defendant (and/or its director(s), if applicable) to breach the terms of this Order may also be held in contempt of court and may be imprisoned, fined or have his/her assets seized.

Dated this 1st day of August 2023.

ONC Lawyers

Solicitors for the Plaintiff

**IN THE HIGH COURT OF THE**
**HONG KONG SPECIAL ADMINISTRATIVE REGION**
**COURT OF FIRST INSTANCE**
**ACTION NO. 1202 OF 2023**

**********

BETWEEN

| | |
|---|---|
| MINTING DOME HOLDING LLC | Plaintiff |
| AND | |
| DENG JIE (邓杰) | 1st Defendant |
| AUX CAYES FINTECH CO. LTD | 2nd Defendant |

---

**PROPRIETARY INJUNCTION ORDER**

---

Dated the 1st day of August 2023

Filed on 1st day of August 2023

**ONC Lawyers**
Solicitors for the Plaintiff
19th Floor, Three Exchange Square
8 Connaught Place, Central, Hong Kong
Tel: 2810 1212 Fax: 2804 6311
High Court Registry Box No. 481
Ref: 231005/TTMS/C/0001/LN/DSW/DSW

HCA 1202/2023

**IN THE HIGH COURT OF THE**
**HONG KONG SPECIAL ADMINISTRATIVE REGION**
**COURT OF FIRST INSTANCE**
**ACTION NO. 1202 OF 2023**

24 AUG 2023

---

BETWEEN

MINTING DOME HOLDING LLC — Plaintiff

and

DENG JIE (邓杰) — 1st Defendant

AUX CAYES FINTECH CO. LTD — 2nd Defendant

**BEFORE DEPUTY HIGH COURT JUDGE KC CHAN IN CHAMBERS**

**ORDER**

UPON the application of the Plaintiff by way of Inter-partes Summons filed herein on 2 August 2023 (the "**Interpartes Summons**")

AND UPON reading the Affirmation of Ho Quen Thai Christopher together with the exhibits referred thereto filed on 2 August 2023, the Affidavit of Igor Soshkin together with the exhibits referred thereto filed on 14 August 2023, the 2nd Affidavit of Igor Soshkin together with the exhibits referred thereto filed on 14 August 2023, the 3rd Affidavit of Igor Soshkin together with the exhibits referred thereto filed on 14 August 2023, the Affirmation of 鲍适存 filed on 7 August 2023, and the Affidavit of Wai Siu Chung Dominic together with the exhibits referred thereto filed on 9 August 2023, and the Affidavit of Tamara C. Christen filed on 14 August 2023

AND UPON hearing counsel for the Plaintiff and the Solicitors for the 2nd Defendant

IT IS ORDERED that:

1. Paragraph (1) of the Interpartes Summons be adjourned to the next Return Day, i.e. two weeks from the date of this Order, on 25 August 2023 before the Summons Judge.

2. The ex-parte Proprietary Injunction Order granted by Deputy High Court Judge Jason Pow, S.C. dated 1 August 2023 be continued against the 2nd Defendant until further order of the Court.

3. In relation to the 2nd Defendant's cryptocurrency wallet (address: [redacted] (**"the OKX Exchange Wallet"**), which wallet was utilized to receive the following sums of USD Coins (i.e. the payment sums which Plaintiff's USDC is comprised of):-

| **Date and time of transfer (in +UTC)** | **Amount of USDC** | **Payor Wallet Address** | **Payee Wallet Address** |
|---|---|---|---|
| 22 June 2023 02:01:47 PM +UTC | $166,500 | [redacted] | [redacted] |
| 22 June 2023 02:46:23 PM +UTC | $479,250 | [redacted] | [redacted] |
| 26 June 2023 03:02:11 PM +UTC | $166,500 | [redacted] | [redacted] |
| 27 June 2023 08:12:59 AM +UTC | $1,498,500 | [redacted] | [redacted] |

(collectively "the **Defrauded USDC**")

The 2nd Defendant do provide within 21 days from the date of this Order by email, and within 42 days by exhibiting the same documents and confirm by an

affirmation to be affirmed by its authorized person, true copies of the following documents with regard to each person(s)/entit(ies) on whose account each of the above payment of USD Coins were received: -

(1) a complete set of all Know Your Client documents, subscription documents, identification documents, and customer's account opening documents provided by these person(s)/entitie(s) ("**the Relevant Platform Users**") to the 2nd Defendant;

(2) full details and particulars of the account(s) which are held by each of these Relevant Platform Users at the 2nd Defendant as crypto-platform users;

(3) IP address(es) of each and every of Relevant Platform Users logged for the period from 1 June 2023 to the date of this Order, every time in use of the service(s) provided by the 2nd Defendant;

(4) records of each of the Relevant Platform Users' (i) full name(s) (ii) address(es); (iii) photograph(s); (iv) email address(es); (v) telephone number(s);

(5) all records of transactions by each of the Relevant Platform Users between 1 April 2023 and 14 July 2023 (both dates inclusive);

(6) record of the amount of the P's USDC which remains with the OKX Exchange Wallet as at the date of this Order;

(7) the records of balance(s) for each of the Relevant Platform User's account(s) held by each of them in the platform operated by the 2nd Defendant;

(8) all records and information regarding all change(s) of ownership, including records of transfer of ownership, for each and every of the account(s) held by the Relevant Platform Users with the 2nd Defendant;

(9) records of all payments or transfers, paid out of OKX Exchange Wallet at the command of any of the Relevant Platform Users:-

(i) the transaction ID(s), date(s), and time of each transfer;
(ii) the identity of the Relevant Platform User(s) who gave the command to make such transfer/payment out of the OKX Exchange Wallet;
(iii) the OKX user's account number(s) involved in each transfer;
(iv) the amount(s) in USD Coins or other cryptocurrencies involved in each transfer;
(v) the accompanying notes or messages, if any (as the case may be) made by the Relevant Platform User related to the transfers; and
(vi) the IP address(es) associated with the initiating party for each of the transfers.

(10) all communication records between the 1st and 2nd Defendants between 1 April 2023 and 14 July 2023 (both days inclusive), including where available, records of calls, written (including electronic) correspondence between the 1st Defendant and the 2nd Defendant, as well as all attached documents (where available).

4. The Plaintiff do have leave to use the information, documents, and records obtained under this Order in support of such further action(s) and/or proceedings, whether civil or criminal, and whether in Hong Kong, the mainland China or elsewhere, and/or may be necessary to facilitate its tracing and recovery, investigation or claims for the return of the Defrauded USDC or compensation therefor.

5. Liberty to apply.

6. Leave to the Plaintiff to serve this Order on the 2nd Defendant out of jurisdiction.

7. Costs reserved.

Dated the 11th day of August, 2023.

Registrar

**IMPORTANT**
**PENAL NOTICE**

TAKE NOTICE that if you, AUX CAYES FINTECH CO. LTD, THE NAMED 2ND DEFENDANT (and/or its director(s)), neglect to obey this Order or disobey this Order, you (and/or your director(s), if applicable) may be held to be in contempt of court and liable to a process of execution to compel you to obey the same, and may be imprisoned, fined or have your assets seized.

Any other person who knows of this Order and does anything which helps or permits the said 2nd Defendant (and/or its director(s), if applicable) to breach the terms of this Order may also be held in contempt of court and may be imprisoned, fined or have his/her assets seized.

Dated this 24th day of August 2023.

ONC Lawyers
Solicitors for the Plaintiff

HCA 1202 /2023

IN THE HIGH COURT OF THE
HONG KONG SPECIAL ADMINISTRATIVE REGION
COURT OF FIRST INSTANCE
ACTION NO. 1202 OF 2023

**********

BETWEEN

| | |
|---|---|
| MINTING DOME HOLDING LLC | Plaintiff |
| AND | |
| DENG JIE (邓杰) | 1st Defendant |
| AUX CAYES FINTECH CO. LTD | 2nd Defendant |

---

**ORDER**

---

Dated this 11th August 2023
Filed on 24th August 2023

ONC Lawyers
Solicitors for the Plaintiff
19th Floor, Three Exchange Square
8 Connaught Place, Central, Hong Kong
Tel: 2810 1212 Fax: 2804 6311
High Court Registry Box No. 481
Ref: 231005/TTMS/C/0001/LN/DSW/DSW