# EXHIBIT 6

**From:** Goldin, Ely
**To:** Christopher N. Johnson
**Cc:** Braunstein, Alex L.
**Subject:** RE: Wattum v. Chengdu, et al
**Date:** Saturday, January 17, 2026 3:07:33 PM
**Attachments:** image001.png
image002.png
image003.png
image005.png
image006.png
image007.png

---

Chris,

I wanted to pick up where we left off before the winter holidays.

With respect to the $180,000 or so (I know the value fluctuates) we'd like to make arrangements for a turnover. Normally, the process for that is an answer to the writ of garnishment and then a formal final order of garnishment – or something along those lines.

With respect to the other assets of the judgment debtor that are restrained pursuant to the HK preliminary injunction, after taking a look at the law our views on this are as follows: An injunction temporarily restrains property of the defendant pending a final outcome. It is a forecast of how a case may turnout, not a determination of rights. A final judgment, by contrast, is a determination of rights. Our client has a final judgment against the judgment debtor and we feel that our client is entitled to realize by the judgment debtor's property, even if that property is restrained. Furthermore, under US (FL) law, a final order of garnishment dispossesses the judgment debtor of any property interest and transforms it into property of the judgment creditor, such that there is nothing left to restrain. Finally, to the extent that OKX, after its own evaluation, feels that it's somewhere between a rock and a hard place, it seems to me that interpleader is an appropriate approach. I know who Minting Done is. They are a US company. No one can fault OKX for interpleading the funds into a US court a US creditor (Wattum) has a judgment and a US party (Minting Dome) has a restraint. The interpleader process comes with court-ordered legal protection and a discharge of liability/responsibility.

I would like to invite you to make your own assessment however, in the interest of time, I am going to start drafting a motion for final order of garnishment as to the $180K (plus or minus) and the other funds. Our goal is to minimize an inconvenience and expense to OKX and in this regard, I would be happy to prepare a simple interpleader motion and order of liability discharge for your evaluation which you can use or not use depending on your own judgment.

Regards,

Ely

**Ely Goldin**
Partner

**Fox Rothschild LLP**
Blue Bell
(610) 397-6509
egoldin@foxrothschild.com